UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ICE HAWK CORP. SA and GOULANDRIS BROTHERS LTD.** | **CIVIL ACTION** |
| **Plaintiffs** | **NO. 10-7046** |
| **VERSUS** | |
| **LASKARIDIS SHIPPING CO., LTD., LAVINIA CORP., XEBEC SA,** *in personam*, **and the M/V PROTEAS,** *in rem* | |
| **Defendants** | |

**<u>VERIFIED COMPLAINT</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, plaintiffs, Ice Hawk Corp. SA And Goulandris Brothers, Ltd., complaining of the motor vessel PROTEAS, her engines, tackle, apparel, etc., *in rem*, and her owners/operators and managers, *in personam*, pursuant to Supplemental Rule C and other Federal Rules of Civil Procedure and files this, its Verified Complaint, and would respectfully show the Court as follows:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules thereto governing certain admiralty and maritime claims. This Court has jurisdiction pursuant to 28 U.S.C. § 1333.

This is a complaint, both *in personam* and *in rem*, pursuant to a maritime lien arising from the incident involving M/V KAMBANOS, safely and properly anchored in the Mississippi River Twelve Mile Anchorage at about Mile 78 Above Head of Passes, when she was struck by errant underway M/V PROTEAS at about 0530 hours on 23 May 2016.

2.

Plaintiffs Ice Hawk Corp. S.A. and Goulandris Brothers Ltd. are the owner/manager of the M/V KAMBANOS.

At all material times M/V KAMBANOS was tight, staunch, strong, seaworthy, properly manned and equipped. M/V KAMBANOS, official number 9469053, is a Malta flagged steel hulled, 229 meter, 47984 gross ton, bulk carrier.

3.

The defendant M/V PROTEAS, *in rem*, official number 9453509, is a Liberian flagged, steel hulled, 250 meters, 51208 gross ton, bulk carrier.

M/V PROTEAS is owned/operated/managed by Laskaridis Shipping Co. Ltd, Lavinia Corp., and Xebec SA (collectively referred to as "PROTEAS interests"). M/V PROTEAS interests are foreign corporations headquartered and with their principal offices in Athens, Greece.

M/V PROTEAS is now, or will be during the pendency of process herein, be upon the navigable waters of Louisiana, within this District, and within the jurisdiction of this Honorable Court and will be arrested pursuant to process of this Court.

4.

On May 22, 2016, at about 0600 hours, M/V KAMBANOS anchored at lower Twelve Mile Anchorage on the Mississippi River about 20 miles downriver from New Orleans. There she remained safely and properly anchored all day and through the next night. At dawn on May 23, 2016, at about 0530 hours, suddenly and without warning, M/V PROTEAS proceeding upriver struck anchored M/V KAMBANOS's stern causing damage presently estimated to be at least in the $600,000 range. There may be additional damage discovered in the next few weeks after underwater dive surveys and after M/V KAMBANOS operates under full load on her

propeller and rudder. If no further damages are discovered, plaintiffs will reduce their present estimated claim in accordance with the subsequent surveys and inspections. This incident gives rise to a maritime lien under Rule C of the Federal Rules of Civil Procedure

5.

The incident and the proximately resulting damages were caused solely by, and due to, the negligence, gross negligence, navigational error, fault and unseaworthiness of the M/V PROTEAS, and her officers, crew, owners/operators/managers committed while M/V PROTEAS was operating upon the lower Mississippi River, for which M/V PROTEAS is liable *in rem*..

6.

The foregoing casualty and damages were in no way caused or contributed to by any fault or neglect or want of care on the part of M/V KAMBANOS or of anyone for whose conduct M/V KAMBANOS interests are responsible, but rather, was the result of and caused solely by the fault, neglect and lack of care on the part of the M/V PROTEAS and those in charge of her navigation, in the following respects, among others, which will be shown at the trial of this cause:

    a.     M/V PROTEAS was unseaworthy;

    b.     M/V PROTEAS had persons in charge of her navigation who were fatigued, careless, incompetent or inattentive to their duties;

    c.     M/V PROTEAS failed to keep a proper lookout, both visually and on radar;

    d.     M/V PROTEAS negligently failed to do what should have been done to avoid the aforesaid collision;

    e.     The owners, operators and managers of M/V PROTEAS negligently and carelessly assigned an inadequate and incompetent crew to the vessel.

Plaintiff reserves the right to amend and supplement this article of its complaint, and to further specify each other and further or different faults and negligence as the evidence may later disclose.

7.

M/V PROTEAS had a value of approximately $15,000,000 prior to the incident.

8.

Plaintiff reserves the right to amend any article of this complaint as facts become better known to it.

9.

All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, Plaintiff requests:

1. Process in due form of law, according to the Federal Rules of Civil Procedure, and the Supplemental Rules for Certain Admiralty and Maritime Claims, and practices of this Court, issue against the M/V PROTEAS, her engines, tackle, apparel, etc. and against any and all persons having or claiming any interest therein, and that they be cited to appear and answer, all in singular, the matters aforesaid;

2. M/V PROTEAS, her engines, tackle, apparel, etc., be seized and condemned, and sold under the direction of this Honorable Court, and the proceeds of this sale placed into the registry of this Honorable Court to satisfy said decree;

3. Plaintiffs, Ice Hawk Corp. SA And Goulandris Brothers, Ltd., and any/all subrogated insurers have a decree and judgment *in rem* against the M/V PROTEAS, her engines, tackle, apparel, etc. presently estimated at least in the amount of $600,000, as aforesaid, with interest,

costs, attorney's fees, and expenses, the said lien and claim for damages to have preference and priority;

    4. Plaintiff may have such other and further relief both *in rem* and *in personam* against M/V PROTEAS owners/operators/manager as may be just and equitable under the circumstances of this case.

    Respectfully submitted,

    **PHELPS DUNBAR LLP**


BY:   *s/ Adam N. Davis*
        Michael M. Butterworth ( #21265)
        Gary A. Hemphill (#6768)
        Adam N. Davis (#35740)
        Canal Place • Suite 2000
        365 Canal Street
        New Orleans, Louisiana 70130-6534
        Telephone: (504) 566-1311
        Telecopier: (504) 568-9130
        butterwm@phelps.com
        gary.hemphill@phelps.com
        davisa@phelps.com

**ATTORNEYS FOR PLAINTIFF, ICE HAWK CORP. SA AND GOULANDRIS BROTHERS, LTD.**

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

**ADAM N. DAVIS**

who, after being duly sworn, did depose and say that:

1. That he is a member in the firm of Phelps Dunbar LLP, and is one of the attorneys representing plaintiffs, Ice Hawk Corp. SA and Goulandris Brothers, Ltd., in this matter;

2. That he has prepared and read the foregoing Verified Complaint, and it is true and correct to the best of his knowledge, information and belief;

3. That the sources of said knowledge, information and belief are his personal investigation and information supplied by plaintiffs, Ice Hawk Corp. SA and Goulandris Brothers, Ltd.; and

4. That he is authorized to make this verification as plaintiffs do not have an officer within this district at this time.

_____
ADAM N. DAVIS

SWORN TO AND SUBSCRIBED

BEFORE ME THIS _____ DAY

OF MAY, 2016.

_____
NOTARY PUBLIC